UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CERES SOLUTIONS COOPERATIVE, INC., | ) ) ) |
| Appellant | ) ) |
| v. | ) CIVIL NO. 3:18-CV-690 RLM ) |
| WILLIAM L. VOREIS, | ) ) |
| Appellee | ) |

OPINION AND ORDER

In January 2018, Ceres Solutions Cooperative, Inc. filed a collection action against William Voreis after he defaulted on a promissory note for about $1.47 million that had been secured by a real estate mortgage. Mr. Voreis filed for bankruptcy a month later. Ceres Solutions waited until the May 31 deadline to file a secured claim in the bankruptcy proceedings. Mr.Voreis objected, arguing that Ceres Solutions: (1) had overvalued its claim because it wasn't entitled to interest under the terms of the promissory note; and (2) had misstated the value of the collateral securing its claim. Mr. Voreis maintained that the collateral had a value of $4 million (not $6.5 million, as Ceres Solutions had claimed), and that secured claims that were senior to Ceres's claim totaled $4.34 million, exceeding the value of the collateral and effectively leaving Ceres Solutions with an unsecured claim.

When Ceres Solutions didn't file a timely response or ask for a hearing, the bankruptcy court found that Mr. Voreis's objections were well-taken and modified

Ceres Solutions' claim, eliminating the claim for interest and allowing an unsecured claim in the amount of $1.47 million. Ceres Solutions moved to reconsider, but the bankruptcy court denied the motion, finding that Ceres had waived the arguments made in its motion by failing to make a timely response to Mr. Voreis's objections to its claim. In re Ray, 597 F.3d 871, 876 (7th Cir. 2010).

Ceres Solution appealed, contending that the bankruptcy court erred when it disallowed its secured claim and/or denied its motion to reconsider.

"Determining whether a claim is a 'secured' claim is entirely separate from determining whether that claim should be allowed." In re Taylor, 289 B.R. 379 (Bkrptcy. N.D. Ind. 2003). The inquiry is governed by 11 U.S.C. § 506, Bankruptcy Rule 3012, which requires a hearing upon a request by a party interest, and Local Bankruptcy Rule B-3007-1, which provides in relevant part:

> (b) An objection to a proof of claim shall identify the creditor by name and the claim number as assigned by the court, and shall state with specificity the basis for disallowance or allowance in an amount or with a priority other than that claimed.
>
> (c) Local Bankrupty Form 2 (LBF-2) shall be used to give the claimant notice of the claim objection and the opportunity to respond thereto....
>
> (d) The objector shall be responsible for competing LBF-2 and serving it, along with the claim objection, and making due proof thereof....
>
> (e) Unless a response to the objection is filed within thirty (30) days following service of the notice of objection, the court may disallow or modify the claim in accordance with the objection, *without further hearing*.

(Emphasis added).

Consistent with that rule, Mr. Voreis filed, and served Ceres Solutions with, a Notice of Objection to Claim (LBF-2) and its objections on June 5, 2018, apprising it of its duty to respond and the time for doing so [Bkrptcy. Doc. No. 76].

Ceres Solutions bore the ultimate burden of persuasion to demonstrate the value of the collateral that secured its claim. *See* In re Southmark Storage Associates Ltd Partnership, 130 B.R. 9 (Bkrptcy. D. Conn. 1991); In re Grabill Corp., 121 B.R. 983 (Bkrptcy. N.D. Ill. 1990). When Ceres Solutions didn't file a timely response to Mr. Voreis's objections or request a valuation hearing, the bankruptcy court determined that senior secured claims exceeded the value of the collateral, so there was no value to the lien Ceres Solutions held, and modified Ceres Soloutions' claim "in accordance with the objection" and 11 U.S.C. § 506(a), eliminating the claim for interest and allowing an unsecured claim in the amount of $1,472,414.34. There was no error in that determination.

The bankruptcy court next found that Ceres Solutions waived any arguments it might have had with respect to Mr. Voreis's objections when it didn't file a timely response to those objections, In re Ray, 597 F.3d 871, 876 (7th Cir. 2010), and denied its motion for reconsideration. Ceres Solution has shown no error in that ruling, either. The ruling was consistent with the rules quoted earlier in this opinion.

The court AFFIRMS the bankruptcy court's decision, and DENIES the motion for status conference [Doc. No. 12] as moot.

SO ORDERED.

ENTERED:   September 26, 2019

/s/ Robert L. Miller, Jr.
Judge
United States District Court